IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **ARDELLA PRESTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **Case No. 11-4161-RDR** |
| ) | |
| **MICHAEL J. ASTRUE**, **)** | |
| **COMMISSIONER OF SOCIAL SECURITY,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of defendant Commissioner of Social Security's denial of her applications for a period of disability and disability insurance benefits under Title II of the Social Security Act (Act) and for supplemental security income under Title XVI of the Act. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

I.

On November 12, 2009, plaintiff applied for disability benefits. Plaintiff's applications were denied initially and on reconsideration. At plaintiff's request, an administrative law judge (ALJ) held a hearing. Plaintiff and her counsel were present and plaintiff testified. The ALJ also called a vocational expert to testify. The ALJ issued his decision on November 30, 2010. The ALJ determined that plaintiff had a severe impairment: mild mental

retardation.  He, however, found that plaintiff's allegations that she suffered from anxiety and depression was a nonsevere impairment. In reaching that conclusion, the ALJ found that plaintiff's noncompliance with mental health treatment and plaintiff's failure to seek mental health treatment "reflected adversely on the credibility" of plaintiff's allegations.  The ALJ then determined that plaintiff did not have an impairment or combination of impairments that met or equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Finally, he found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels with certain nonexertional limitations.  He thus determined, based upon the testimony of the vocational expert, that plaintiff was not disabled because she could perform a significant number of jobs in the national economy.  On September 15, 2011, the Appeals Council of the Social Security Administration denied plaintiff's request for review.  Thus, the ALJ's decision stands as the final decision of the defendant.

II.

The court's jurisdiction and review are guided by the Act. Weinberger v. Salfi, 422 U.S. 749, 763 (1975) (citing 42 U.S.C. § 405(g)); Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009)(same); Brandtner v. Dept. of Health and Human Servs., 150 F.3d 1306, 1307 (10th Cir. 1998)(sole jurisdictional basis in social security cases

2

is 42 U.S.C. § 405(g)). Section 405(g) of the Act provides for review of a final decision of the Commissioner made after a hearing in which the plaintiff was a party. It also provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the factual findings are supported by substantial evidence in the record and whether the ALJ applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988). The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)). Whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

An individual is under a disability only if that individual can establish that she has a physical or mental impairment which prevents her from engaging in any substantial gainful activity, and which is

expected to result in death or to last for a continuous period of at least twelve months. Knipe v. Heckler, 755 F.2d 141, 145 (10th Cir. 1985)(quoting identical definitions of a disabled individual from both 42 U.S.C. §§ 423(d)(1) and 1382c(a)(3)(A)); accord, Lax, 489 F.3d at 1084(citing 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A)). The claimant's impairments must be of such severity that she is not only unable to perform her past relevant work, but cannot, considering her age, education, and work experience, engage in any other substantial gainful work existing in the national economy. 42 U.S.C. § 423(d)(2)(A).

The Commissioner uses a five-step sequential process to evaluate disability. 20 C.F.R. §§ 404.1520, 416.920 (2008); Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010)(citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139(quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the

Commissioner assesses claimant's RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process—determining whether claimant can perform past relevant work; and whether, considering vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139(quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on claimant to prove a disability that prevents performance of past relevant work. Blea, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n. 2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy within Plaintiff's capability. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

Plaintiff claims that the ALJ erred in the following ways: (1) failed to properly consider her noncompliance with treatment in assessing her credibility; and (2) failed to properly consider her anxiety and depression in determining whether she suffered from an additional impairment under Listing 12.05C.

### III.

The court shall first consider the credibility determination made by the ALJ. Plaintiff argues that in finding her allegations

of anxiety and depression not credible, the ALJ relied, among other factors, on plaintiff's failure to comply with her mental health treatment and her failure to continue to seek mental health treatment. She claims this is error because the ALJ failed to apply the four-part test set forth in Frey v. Bowen, 816 F.2d 508, 517 (10th Cir. 1987), before relying upon her failure to follow or pursue treatment recommended by her physicians. The defendant contends that no error occurred because the ALJ made this determination at step two of the sequential evaluation. The defendant suggests that Frey does not apply because the ALJ had not reached the conclusion that plaintiff could work.

The ALJ determined that plaintiff's allegations of anxiety and depression were not credible for several reasons. He based this conclusion upon the following factors: (1) plaintiff had not undergone any mental health treatment apart from court-ordered treatment at Valeo; (2) she failed to comply with the treatment offered at Valeo by failing to show up at additional sessions; (3) she was not taking any medications for anxiety and/or depression; and (4) her alleged anxiety and depression were likely situational due to the death of one of her children and the loss of other children who were taken away from her.

An ALJ's credibility determinations are generally treated as binding on review. Talley v. Sullivan, 908 F.2d 585, 587 (10th Cir.

6

1990); Broadbent v. Harris, 698 F.2d 407, 413 (10th Cir. 1983). "Credibility determinations are peculiarly the province of the finder of fact" and will not be overturned when supported by substantial evidence. Wilson, 602 F.3d at 1144; accord Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005). Therefore, in reviewing the ALJ's credibility determinations, the court will usually defer to the ALJ on matters involving witness credibility. Glass v. Shalala, 43 F.3d 1392, 1395 (10th Cir. 1994). "However, '[f]indings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings.'" Wilson, 602 F.3d at 1144 (quoting Huston v. Bowen, 838 F.2d 1125, 1133 (10th Cir. 1988).

Where a claimant has refused treatment recommended, or failed to follow treatment prescribed by her doctor, such a failure may be a factor relevant to the credibility determination. In such a case, the ALJ must apply the four-part Frey test to determine whether the failure or refusal should be used to suggest incredibility:

> [B]efore the ALJ may rely on the claimant's failure to pursue treatment or take medication as support for his determination of noncredibility, he or she should consider "(1) whether the treatment at issue would restore claimant's ability to work; (2) whether the treatment was prescribed; (3) whether the treatment was refused; and, if so, (4) whether the refusal was without justifiable excuse."

Thompson v. Sullivan, 987 F.2d 1482, 1490 (10th Cir. 1993)(citing Frey, 816 F.2d at 517; see also 20 C.F.R. §§ 404.1530, 416.930 ("If you do not follow the prescribed treatment without a good reason, we will not find you disabled.").

IV.

The record is clear that the ALJ relied upon plaintiff's failure to comply with the treatment recommended at Valeo in assessing plaintiff's credibility. The court is not persuaded by the defendant's argument that Frey does not apply because the ALJ never found that plaintiff was unable to work. See Potter v. Astrue, 2012 WL 5499509 at * 4-5 (D.Kan. 2012). "The Frye test is applicable both where an ALJ is denying benefits, and where he is evaluating the credibility of the claimant's allegations." Id. at * 5 (citing Goodwin v. Barnhart, 195 F.Supp.2d 1293, 1295 (D.Kan. 2002)). Because the ALJ found that plaintiff was noncompliant with the recommended treatment and used that finding in his credibility determination, it was necessary for the ALJ to apply the Frey test in his credibility determination. He failed to do so, and that failure is error requiring remand.

Upon remand, the ALJ can consider the other argument made by the plaintiff if he finds that plaintiff's anxiety and depression constitute an impairment imposing additional and significant work-related limitations under Listing 12.05C.

**IT IS THEREFORE ORDERED** that the defendant's decision is reversed, and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) remanding the case for proceedings consistent with this decision.

**IT IS SO ORDERED.**

Dated this 28th day of February, 2013 at Topeka, Kansas.

s/Richard D. Rogers
United States District Judge